Opinion issued April 16, 2009










 






In The

Court of Appeals

For The

First District of Texas






NO. 01-08-00457-CR

____________


ETIM ETIM KING, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 232nd District Court

Harris County, Texas

Trial Court Cause No. 1131865






MEMORANDUM OPINION

 Appellant, Etim Etim King, without an agreed recommendation from the State,
pleaded true to committing the offense of money laundering. (1) In a single issue,
appellant contends that the trial court erred in "allowing appellant to plea [sic] guilty
without giving him the opportunity to withdraw his plea of guilty and failed to
substantially comply with Texas Code of Criminal Procedure article 26.13."

 We affirm.

Procedural Background

 On November 21, 2007, appellant signed a plea agreement with the State in
which he agreed to "enter a plea of guilty without an agreed recommendation." On
April 18, 2008, after the punishment hearing, the trial court found appellant guilty
and assessed his punishment at confinement for forty years.

Inadequate Briefing

 Appellant contends that the "trial court erred by allowing appellant to plea [sic]
guilty without giving him the opportunity to withdraw his plea of guilty and failed to 
substantially comply with Texas Code of Criminal Procedure article 26.13." (2)

 In the first paragraph of the argument section of his briefing, appellant provides
boilerplate language on article 26.13(a)(2) of the Texas Code of Criminal Procedure,
stating that, "Where a plea agreement exists, the court shall announce in open court
whether it will follow or reject the agreement before any finding on the plea." See
Tex. Code. Crim. Proc. Ann. art. 26.13(a)(2) (Vernon 2009) ("[I]n the event that
such an agreement exists, the court shall inform the defendant whether it will follow
or reject such agreement in open court and before any finding on the plea."). 
However, in light of the fact that appellant pleaded guilty without an agreed
recommendation from the State, it is unclear why appellant presents this boilerplate
language. Additionally, nowhere in appellant's briefing does he acknowledge the fact
that the trial court actually gave him the required admonishment, stating:

 The prosecutor's sentencing recommendation, if any, is not binding on
the court. If there is a plea agreement between you and the State, the
Court will inform you whether it will follow that agreement before
making a finding on your plea. The Court will permit you to withdraw
your plea if it rejects the plea agreement.

See id. Nowhere in appellant's briefing does he acknowledge this admonishment or
explain how it "failed to comply with Texas Code of Criminal Procedure article
26.13."

 In the second and final paragraph of his argument section, appellant states the
following:

 At the Presentence Investigation hearing and during the Direct
examination of Mr. Boyden, who is with the U.S. Postal Service[,]
[Boyden] was asked the following:


 Q- Did Mr. King provide adequate information to the
United States Postal Inspection Service?


 A- The information he provided corroborated information
that had been previously provided.


 Q- Did that information lead to arrest of two individuals
that are currently in custody?


 A- It did.


 The U.S. Postal Inspection Service and the District Attorney received a
direct benefit from the Appellant. The District Attorney breached its
agreement when she made the recommendation of 45-50 years to the
court.

Appellant does not provide an appropriate record citation to the agreement that he
contends the "District Attorney breached." Assuming, based on appellant's sole
issue, that he is referring to his plea agreement, appellant does not explain how the
State's recommendation of "45-50 years" could have possibly breached any plea
agreement when appellant entered his plea of guilty "without an agreed
recommendation." 

 In sum, appellant's briefing is devoid of any substantive argument on the issue
presented. It also lacks appropriate citations to the record and to authorities, and it
is far from "clear and concise." See Tex. R. App. P. 38.1(i). Other than making an
unsupported and inexplicable assertion that "[t]he District Attorney breached its
agreement when she made the recommendation of 45-50 years to the court," appellant
provides no discussion as to how the trial court erred. We conclude that appellant has
inadequately briefed his issue and, thus, has waived his sole issue for our review. See
id. ("The brief must contain a clear and concise argument for the contentions made,
with appropriate citations to authorities and to the record.")

 We overrule appellant's sole issue.

Conclusion

 We affirm the judgment of the trial court.

 


 


 Terry Jennings

 Justice


Panel consists of Justices Jennings, Keyes, and Higley.


Do not publish. Tex. R. App. P. 47.2(b). 
1. See Tex. Penal Code Ann. § 34.02(a), (e)(3) (Vernon Supp. 2008).
2. Appellant also contends that the "Trial Court Erred in Granting Summary Judgment." 
There is no summary judgment in the record, which would be inappropriate given that
this is a criminal, not a civil, matter. See Tex. R. Civ. P. 166a.